## JOHNSON v. CRESSEY *et al.*

Plaintiff authorized agents to sell his land, and they sold to defendant. Plaintiff thereafter sent a deed, and five notes for the deferred payments, and mortgage securing same, to a bank, with directions to deliver the deed on defendant's executing the notes and mortgage. As drawn, the first note fell due the same year, and the others annually thereafter. Defendant telephoned the agents that this was not the the agreement, as the annual payments were to commence the following year, and testified that the agents answered, authorizing him to change the first note to fall due five years later, and the mortgage to correspond. The agents denied authorizing defendant to make the change, but testified that they told him such change would have to be made. Defendant made such change, and executed and delivered them to the bank and received the deed. Plaintiff sued to rescind the sale on the ground that defendant had not performed the contract, and alleged that the change of the note and mortgage was fraudulent. Held that findings that the notes and mortgage, as executed, were according to the contract, and that there was no fraud on defendant's part, were supported.

(Opinion filed May 8, 1903.)

Appeal from circuit court, Codington county, Hon. JULIAN BENNETT, Judge.

Action by Reinhold Johnson against John A. Cressey and another, From a judgment in favor of defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Wilbur S. Glass* and *S. G. Sherwood,* for appellant.

*S. A. Keenan,* for respondents.

CORSON, J. This is an action by the plaintiff to rescind the sale of a half section of land situated in Codington county, conveyed to the defendant John A. Cressey by the plaintiff, and to compel defendants to reconvey to him the said premises.

The action was brought on the equity side of the court, but on the trial of the same the court called a jury, before which the case was tried, and which found a verdict in favor of the plaintiff. The court, however, on motion, vacated and set aside the verdict, and made findings of fact and conclusions of law in favor of the defendants. A motion for a new trial was made and denied, and the plaintiff has appealed to this court.

It is contended on the part of the appellant that the findings are not supported by the evidence.

The facts necessary to a decision of this case may be briefly summarized as follows: In September, 1890, the plaintiff, being the owner of the land in controversy, authorized Johnson & Herring, land agents at South Shore, Codington county, to sell the same. Shortly after the order was given Johnson & Herring entered into a contract with the defendant John A. Cressey to sell the property to him for $3,100; $525 to be, paid in cash, a mortgage for $650 on the property to be assumed by him, and the balance to be paid by promissory notes, secured by a mortgage on the property. For various reasons, the transaction was not completed until the winter of 1901, when the plaintiff requested Johnson & Herring to make out five notes —the first to be payable December 1, 1901, and the others the 1st day of December each year thereafter, with interest a 7 per cent per annum; and the plaintiff executed a warranty deed, and enclosed the notes, mortgage, and the deed to the Citizens' National Bank of Watertown, with instructions to deliver the deed upon the notes and mortgage being executed by the defendants. Cressey was informed that the instruments were at the bank, and, on looking them over, discovered that the first of the series of notes was made payable December 1, 1901, and

thereupon telephoned to Johnson, one of the land agents, that he could not sign the note made payable at that time, as it was understood that the first note was to be made payable December 1, 1902. The defendant claims that he was authorized by Johnson's reply to change the first note so as to make it payable December 1, 1906, and to change the mortgage so as to make it correspond with the note, and thereupon made the change in the note and mortgage aforesaid, and executed the same, and delivered them to the bank, and received the deed, and recorded the same. When the plaintiff learned of the change that had been made, he tendered back to Cressey the money paid, the notes, and a release of the Cressey mortgage, and demanded of the defendants a reconveyance of the premises described, which being refused, the money was deposited to the credit of Cressey in the Citizens' National Bank, and this action instituted.

It is insisted on the part of the defendant that the change only carried into effect the original understanding between the defendant and the agents who were acting for the plaintiff, and therefore it was proper for him to make this alteration. The plaintiff seems to base his right to rescind the sale upon the following allegations in his complaint. In paragraph 7 of the complaint the plaintiff alleges "that this defendant, for the purpose of securing the balance of the purchase price for said land, to wit, the sum of nineteen hundred and twenty-five dollars, agreed to execute five promissory notes, for the sum of three hundred eighty-five dollars each, payable to the said plaintiff as follows: One due and payable December 1, 1901," and the balance of said notes on the 1st day of December of each year thereafter; "said notes to draw interest at the rate

16 S. D.—41

of seven per cent. per annum, interest payable annually." In
paragraph 9 it is alleged "that the defendants have not per-
formed their part of the said contract, in this: that they have
not executed and delivered to this plaintiff the said five prom-
issory notes mentioned in this complaint, and that the said de-
fendants have failed to execute. any mortgage securing the
said notes mentioned herein, but that the defendants have exe-
cuted and delivered to this plaintiff five promissory notes, for
the sum of three hundred and eighty-five dollars each, with
interest at the rate of seven per cent. per annum, as follows,
to wit: One due and payable December 1, 1902," and the others
on the 1st of December of each year thereafter. The defend-
ants, in their answer, after making certain denials and admis-
sions, allege that the first note was, by the contract entered in-
to between the defendant Cressey and the agents, to be paid
December 1, 1902, and the other notes on the 1st day of De-
cember of each year thereafter, and the court finds that such
was the contract. The evidence seems to justify this finding.
The defendant testifies that such was the agreement, and one
of the agents corroborates this statement. The plaintiff, so
far as the evidence discloses, never had any communication
with the defendant Cressey with regard to the transaction
prior to the execution of the deed and the notes and mortgage.
In view of the pleadings and evidence, the plaintiff has failed
to make out a case entitling him to a rescission of the contract.
The contention, therefore, that the alteration or change which
was made in the first note, and in the mortgage to correspond
with the note, made without the consent of the plaintiff or the
knowledge of the officers of the bank, constituted a fraud upon
the plaintiff, and entitled him to a reconveyance of the prop-

erty, is entitled to but little consideration, as the action is not based upon that theory, but upon the theory that the defendant had not complied with his original contract. The plaintiff having chosen to make the ground of his action the failure of the defendants to comply with their contract, and the court having found that the contract was as claimed by the defendants. upon evidence fully justifying such a finding, they are clearly entitled to a judgment in their favor.

The court further finds that neither of the said defendants was guilty of the fraud charged in the plaintiff's complaint, or any fraud. This finding also seems to be supported by the evidence. It will be noticed from the statement of facts that the defendant Cressey, before making the change in the note and mortgage, telephoned to Johnson, one of the plaintiff's agents, in regard to the change, and evidently understood from Johnson's reply that the change could be made. While Johnson denies that he gave Cressey authority to make the change, he admits that he did reply to the telephone message that the note and mortgage would have to be changed so as to make the first note payable December 1, 1902. As the defendant Cressey had transacted all the business with Johnson & Herring, it was quite natural that he should assume that Johnson's statement was sufficient authority for him to make the change in the note and mortgage.

Finding no error in the record, the judgment of the circuit court, and order denying a new trial, are affirmed.